**Norman DeForrest MANER, Petitioner-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 29055.**

United States Court of Appeals, Fifth Circuit.

Aug. 13, 1970.

Norman DeForrest Maner, pro se.

John W. Stokes, Jr., U. S. Atty., Allen L. Chancey, Jr., Asst. U. S. Atty., Atlanta, Ga., for defendant-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion of a federal convict to vacate sentence pursuant to 28 U.S.C. § 2255. We affirm.[1]

Appellant, represented by court-appointed counsel, was convicted of his plea of guilty of bank robbery, a violation of 18 U.S.C. § 2113(a). He was sentenced on July 12, 1968, to 20 years imprisonment.

In his motion to vacate sentence appellant alleged that his plea of guilty was induced by promises of court-appointed counsel and the U. S. Attorney that he would be given a 7-year sentence, and that he was mentally incompetent due to drug addiction at the time he pled guilty. An evidentiary hearing was held at which time appellant withdrew his contention of mental incompetence.

The court below denied relief, finding that no promises or assurances of a particular sentence were made to appellant to induce the plea, and that the plea was voluntarily and understandingly entered. Appellant and his former wife testified that counsel stated to appellant that the United States Attorney had agreed to a "deal" whereby appellant would be sentenced to seven to ten years for treatment for his drug addiction in the hospital in Lexington, Kentucky, in return for a guilty plea. However, counsel testified that appellant asked him to arrange a "deal" for a sentence with the judge and United States Attorney, but that he advised appellant that in federal courts the sentence is entirely in the discretion of the judge and that no

"deal" could be made. He stated that he further advised appellant that he was not eligible for treatment at Lexington due to his past record. He denied that he promised appellant that he would receive a specific sentence, but rather told him that there was no way to know what sentence the judge was going to impose, and that he could receive up to twenty years.

The district court, making a credibility decision, found the testimony of court-appointed counsel to express the facts. We perceive no clear error in the court's findings of fact and application of the law, therefore the judgment below is affirmed. Hardin v. United States, 5th Cir. 1969, 410 F.2d 146, Goodwin v. United States, 5th Cir. 1968, 391 F.2d 278.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's Local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, 5th Cir. 1969, 412 F.2d 981.