Robert Francis **KEATING**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 71–3211
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1972.

---

* [1] Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

Frank B. Hester, Atlanta, Ga., for petitioner-appellant.

John W. Stokes, Jr., U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

Appellant Robert Francis Keating, upon entering a plea of guilty on March 21, 1969, was convicted for interstate transportation of a falsely made security, in violation of 18 U.S.C. § 2314, and was sentenced to ten years in the penitentiary.

On December 1, 1970, appellant moved to vacate and set aside this conviction under 28 U.S.C. § 2255, alleging that his court-appointed attorney spent insufficient time with him (one hour or less) at his arraignment, and that appellant's guilty plea was not entered knowingly, voluntarily and with an understanding of the consequences thereof, because he was in extreme pain and pled guilty only to obtain medical treatment.[1] The district court eventually held an evidentiary hearing and this is an appeal from its denial of § 2255 relief.

The substance of appellant Keating's testimony in the evidentiary hearing below was that he was in extreme pain at his arraignment and he was under the impression that if he would plead guilty, he would be sent to the Springfield Medical Center under a so-called "b" sentence, rather than to the penitentiary. He admitted, however, that he did not really know where he got this idea. His attorney did not give it to him, indeed the attorney did not even know what a "b" sentence was.

The court-appointed attorney testified that he did not recall Keating emphasizing physical pain to the extent he testified to at the evidentiary hearing, but that Keating spoke mainly of his alcoholism and psychological problems. The attorney further testified that he did what he could with the probation officer and the court to try to assure that Keating would receive some medical treatment. He informed the sentencing court that appellant was sick and needed some medical attention.[2] Counsel also testified that if he had been made aware of any excruciating pain, he would have mentioned this to the court and he would not have allowed Keating to plead guilty if he had not been morally positive of his guilt.

The district court chose to credit the testimony of court-appointed counsel to express the facts and found that the plea was voluntarily given and that no promises were made. Its findings of fact and application of the law are not clearly erroneous. F.R.Crim.P. 52(a); Maner v. United States, 429 F.2d 578 (5th Cir., 1970). See Morales-Guarjardo v. United States, 440 F.2d 775 (5th Cir., 1971); Goodwin v. United States, 391 F.2d 278 (5th Cir., 1968).

The judgment of the district court is affirmed.

---

1. The plea and judgment in appellant's case were entered prior to the Court's decision in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), held not to be applied retroactively, Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969). Appellant Keating freely admitted his guilt at his arraignment and testified that he understood what the maximum sentence possible was and that he was entering the plea voluntarily and without threats or promises.

2. After he was incarcerated, Keating was hospitalized and underwent surgery in which a large part of his stomach, parts of his liver and colon were removed.