Henry A. MOLIGNARO, Appellant,

v.

A. L. DUTTON, Warden, Georgia State Prison, Appellee.

No. 23652.

United States Court of Appeals
Fifth Circuit.

March 3, 1967.

John J. Sullivan, Savannah, Ga., for appellant.

Carter A. Setliff, Asst. Atty. Gen., Atlanta, Ga., for appellee.

Before BROWN, GOLDBERG and AINSWORTH, Circuit Judges.

**730**

JOHN R. BROWN, Circuit Judge:

On May 13, 1964, Molignaro pleaded guilty to the offense of molesting a minor and was sentenced by the Georgia Court to 15 years imprisonment. Subsequently Molignaro filed in the State Courts an application for a writ of habeas corpus alleging that his constitutional right to assistance of counsel had been violated. The writ was denied, and the Supreme Court of Georgia affirmed. Molignaro v. Balkcom, 1965, 221 Ga. 150, 143 S.E.2d 748. Molignaro's petition for habeas relief in the Federal District Court was also denied, the Court finding that "the right to counsel was not denied, but was effectively waived." We conclude that on the present record the District Court erred.

The record in the Federal District Court discloses contradictory evidence of what transpired at the Court proceeding when Molignaro entered his plea of guilty. On the one hand there is the testimony of Molignaro that at no time was he advised of the right as an indigent to appointed counsel.[1] The off-setting evidence is in the form of answers propounded to written interrogatories, F.R. Civ.P. 31, which were, however, not crossed. Mr. Land, the then Solicitor General of the Muscogee County and as such the prosecutor, testified as follows:

"3. If you were present when Henry A. Molignaro entered his plea of guilty to molesting a minor, please state whether or not Henry A. Molignaro was advised of his constitutional rights concerning the appointment of legal counsel for his defense.

"A. Henry A. Molignaro was so advised."

▬ In our view this record fails to show that his right to counsel was made clear. An indigent accused, even if he pleads guilty, must be provided with counsel unless that right is intelligently and completely waived. Gideon v. Wain-

right, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Knight v. Balkcom, 5 Cir., 1966, 363 F.2d 221; Davis v. Holman, 5 Cir., 1966, 354 F.2d 773. If Molignaro did not know about his right to appointed counsel and was not clearly advised of that right, then there could not possibly be an intentional relinquishment or waiver of that right. Reed v. United States, 5 Cir., 1965, 354 F.2d 227, 229. From the evidence presented on this appeal, we are unable to determine whether the constitutional mandate was observed. Specifically, and without questioning in any way the professional competence, sincerity, or credibility of Solicitor General, now Judge, Land, the evidence adduced on the hearing was in such form that we are unable to determine how or in what way Molignaro was advised of the right to counsel. The vice is in the conclusory form of the question followed by a like response. For the terse statement that "he was so advised" provides little insight into either the nature of, or the circumstances surrounding, the advice. In this undulating dynamic field of expanding constitutional precept, until the factual details are revealed none can know whether Judge Land's understanding of the accused's "constitutional rights" matched that of the law. Nor can we tell whether that "understanding" even if correct was adequately communicated to the non-lawyer accused. Cf. Lastinger v. United States, 5 Cir., 1966, 356 F.2d 104; Knight v. Balkcom, supra, 363 F.2d at 223, n. 1. We are careful not to condemn written interrogatories as such. With the large volume of cases arising in the City Court of Reidsville and later in the Federal District Court, and with witnesses scattered, the State is to be encouraged in exploiting all administrative improvisations for the development of the facts. All are under the admonition to exercise judicial inventiveness. United States v. Mayton, 5 Cir., 1964, 335 F.2d 153, 163, and cases there cited; Bros Inc.

---

1. "Q. Did any attorney, any court official, solicitor General, or anyone else advise you of your right to an attorney, and that if you couldn't afford an attorney the court would appoint you one, that you had a right to trial by a jury and so forth.

"A. No, none one told me anything."

v. W. E. Grace Mfg. Co., 5 Cir., 1965, 351 F.2d 208, 209, n. 1; Mixon v. Atlantic Coast Line R.R. Co., 5 Cir., 1966, 370 F. 2d 852, 860 (concurring opinion). But this case again points up that these must be carefully constructed to elicit specific facts, not conclusory generalities.

We therefore reverse the judgment of the District Court and remand the cause with directions to hold a new hearing for a full development of the facts with particularity concerning the offer of counsel to Molignaro and his asserted waiver thereof.

Reversed and remanded.