434 F.2d 245
 Charles WIGGINS, Petitioner-Appellant,
v.
S. Lamont SMITH, Warden, Respondent-Appellee.
 No. 29918 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 30, 1970.
 
 Charles Wiggins, in pro. per., appellant.
 Arthur K. Bolton, Atty. Gen., Dorothy T. Beasley, Asst. Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., Atlanta, Ga., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Charles Wiggins, a Georgia prisoner, appeals from the district court's denial of his habeas corpus petition on the basis of the record in his state habeas corpus proceeding. 28 U.S.C. § 2254. We affirm.
 
 
 2
 Petitioner, represented by court-appointed counsel, pled guilty to three charges of armed robbery and one charge of burglary. He was sentenced to three concurrent life sentences and one sentence of twenty years. His petition for habeas corpus was denied by the state court after an evidentiary hearing, findings of fact and conclusions of law by that court. An appeal to the Supreme Court of Georgia was dismissed for want of prosecution.
 
 
 3
 In his habeas corpus filed in the federal district court, petitioner alleged that: (1) he was arrested without a warrant and detained for interrogation for ten days before being brought before a magistrate; (2) his court-appointed counsel did not render him effective assistance; (3) his guilty plea was the product of unlawful coercion and was not knowingly and understandingly entered; and (4) he was not afforded a full and fair hearing in the state court on his habeas corpus. The district court found that the state hearing was fair, and adopted the findings of the state court.
 
 
 4
 We concur in the district court's finding that appellant received a full and fair hearing in his state habeas corpus proceeding. Appellant was present at the state hearing and testified at some length, as did his mother and his sister. Answers to interrogatories propounded to the attorney who represented appellant at the arraignment proceedings were read into evidence. Where the state relies on written interrogatories in a habeas corpus proceeding to establish effective representation and waiver of constitutional rights by the accused, such interrogatories must be worded with sufficient specificity that a reviewing court can ascertain whether or not constitutional standards have been met. McGarrah v. Dutton, 5 Cir., 1967, 381 F.2d 161; Molignaro v. Dutton, 5 Cir., 1967, 373 F.2d 729. By contrast with those criticized in the McGarrah and Molignaro cases, the interrogatories here brought forth detailed responses by the attorney as to statements made by and to the accused.
 
 
 5
 The record supports the findings of fact adopted by the district court, including the finding that the guilty plea was knowingly and understandingly made. A plea of guilty knowingly and understandingly made waives all nonjurisdictional defenses. Moore v. United States, 5 Cir., 1970, 425 F.2d 1290, and cases cited therein.
 
 
 6
 The judgment of the district court is affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5th Cir., 1970, 431 F.2d 409, Part I