**Perry GOODWIN, Petitioner-Appellant,**

v.

**S. Lamont SMITH, Warden, Respondent-Appellee.**

**No. 30577.**

United States Court of Appeals, Fifth Circuit.

March 8, 1971.

Robert D. Peckham, Athens, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon and William R. Childers, Jr., Asst. Attys. Gen., Atlanta, Ga., for respondent-appellee.

Before GEWIN, COLEMAN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

On December 18, 1959, Perry Goodwin pled guilty in the Superior Court of Muscogee County, Georgia, to six counts of forgery and ten counts of "fictitious writing." He was sentenced to an aggregate of fifteen years' imprisonment. After having served part of his sentence in the Georgia State Penitentiary, Goodwin escaped. He was apprehended in another state and served a five-year sentence there for another offense, whereupon he was returned to the Georgia State Penitentiary. In May of 1969, over nine years after his Georgia conviction, Goodwin filed a habeas corpus petition in Tattnall County Superior Court, alleging that he had been denied his constitutional right to counsel in the Muscogee County proceedings. The denial of that petition was affirmed by the Georgia Supreme Court, Goodwin v. Smith, 226 Ga. 118, 172 S.E.2d 661 (1970). Goodwin's subsequent petition for habeas corpus in Federal District Court was denied without an evidentiary hearing, from which denial he now appeals. Because we conclude that the material facts were not adequately developed at the State habeas hearing, 28 U.S.C. § 2254(d),[1] we reverse and remand

---

1. Section 2254(d) of 28 U.S.C. provides in pertinent part:

 "In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall es-

 tablish or it shall otherwise appear, or the respondent shall admit—

 \* \* \* \* \*

 "(3) that the material facts were not adequately developed at the State court hearing \* \* \*."

 Section 2254(d) codifies the requirements established for State post-conviction proceedings in Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963). See White v. Swenson, W.D.Mo., 1966, 261 F.Supp. 42, 60–62. When a State prisoner petitioning for habeas corpus in Federal court has exhausted his State remedies, and it is made to appear that at the prior State hearing on his contentions the

the case to the Federal District Court for an evidentiary hearing.

Goodwin testified at the State habeas hearing that he was not represented by counsel in the 1959 proceedings, was not advised of his right to effective assistance of counsel, and did not waive that right. Counsel for respondent explained why the State introduced no evidence in rebuttal by noting that the passage of time since the proceedings in question had "tended to dim memories," and that neither the then Solicitor General nor anyone else involved could remember the circumstances of the case.

The State habeas judge denied relief on the ground that the petitioner had failed to overcome by "credible testimony" the "presumption in favor of validity of a sentence * * *." He noted that Goodwin conceded that when he pled guilty he knew the offenses with which he was charged, and that there was no evidence that Goodwin had ever requested that counsel be appointed to represent him. The Georgia Supreme Court, affirming, thought that Goodwin's "long, strange delay in claiming fundamental constitutional rights" affected not only his credibility but also "the quantum of required proof," [2] and the Federal District Judge agreed.

 Neither the State habeas judge nor the Federal District Judge expressly found that Goodwin was or was not assisted by counsel when he entered his plea. The evidence developed at the State hearing raises a rebuttable presumption that he was not.[3] The record

before us is also devoid of any finding as to whether, at the time he entered his plea, Goodwin was indigent.

## I.

 We first assume, arguendo, that in December 1959, when Goodwin entered his plea of guilty, he could not afford to retain counsel for his defense. "Of course, an indigent accused is entitled to be represented by counsel * * * when making a plea of guilty unless he intelligently and competently waives that right." Hillyer v. Dutton, 5 Cir., 1967, 379 F.2d 809, 810; accord, Molignaro v. Dutton, 5 Cir., 1967, 373 F.2d 729, 730; Knight v. Balkcom, 5 Cir., 1966, 363 F.2d 221, 222.

 Goodwin testified that he was not advised of his right to counsel. The State habeas judge was not obliged to credit that testimony, even though it was uncontradicted. See Tyler v. Beto, 5 Cir., 1968, 391 F.2d 993, 995, cert. denied, 393 U.S. 1030, 89 S.Ct. 642, 21 L. Ed.2d 574 (1969). If, under the circumstances of this case, the burden of introducing evidence on the issue of waiver of counsel rested on the petitioner, the Trial Judge's credibility choice might well control the result. But that burden in this case rested on the State. It is impermissible to assume from a silent record that an accused, in entering a plea of guilty, knew that he had a right to counsel or was advised of that right. Hillyer v. Dutton, supra, 379 F.2d at 810; Knight v. Balkcom, supra, 363 F. 2d at 225. And the record here is silent.

material facts were not adequately developed, the petitioner is entitled to an evidentiary hearing in the Federal court. Townsend v. Sain, supra, 372 U.S. at 317, 83 S.Ct. at 759; Porter v. Sinclair, 5 Cir., 1967, 389 F.2d 277, 279.

2. 172 S.E.2d at 662.

3. In the record are copies of two documents styled "Affidavit and Accusation," each of which contains on what appears to be the back cover the following recitation: "Defendant, *Perry Goodwin*, waives arraignment and indictment by grand jury and enters plea of guilty, *on all counts*, this the *18* day of *December, 1959*." (The

italicized portions are typed or written by hand; the remainder is printed on the form.) Beneath this recitation are two signature lines. On the one designated "Solicitor General" appears the signature "John H. Land"; on the other, designated "Defendant's Attorney," the signature "Perry Goodwin" appears. The documents pertaining to the 1959 proceedings contain no other relevant information. The Supreme Court, on similar facts, has held that "the certified records * * * raise a presumption" that the accused was not represented by counsel. Burgett v. State of Texas, 389 U.S. 109, 114, 88 S. Ct. 258, 261–262, 19 L.Ed.2d 319 (1967).

The waiver question is not to be resolved against the petitioner on the ground that he did not request counsel, or by resort to a "presumption in favor of validity." Carnley v. Cochran, 369 U.S. 506, 513–514, 82 S.Ct. 884, 888–889, 8 L.Ed.2d 70 (1962); Rice v. Olson, 324 U.S. 786, 788–789, 65 S.Ct. 989, 990–991, 89 L.Ed. 1367 (1945). The fact that the accused understood in some measure the nature of the charges to which he pled guilty does not bar him from attacking his conviction on the ground that he was not effectively assisted by counsel when he entered the plea. Colson v. Smith, 5 Cir., 1971, 438 F.2d 1075; see Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948).

 We are cognizant of the evidentiary problems posed by long lapses of time between conviction and collateral attack. "[States are] to be encouraged in exploiting all administrative improvisations for the development of the facts." Molignaro v. Dutton, 5 Cir. 1967, 373 F.2d 729, 730. If no witnesses other than Goodwin himself are available to testify from memory to what transpired at the 1959 proceedings, there may be witnesses who can testify to whether or not a uniform practice existed at that time in the Muscogee County Court. Compare Wilson v. Wiman, 6 Cir., 1967, 386 F.2d 968, 969; United States v. Marcello, E.D.La., 1962, 210 F. Supp. 892, 897–899 aff'd, 5 Cir., 1964, 328 F.2d 961. (We note that the Geor-

gia Constitution has provided since 1877 (Article I, Section I, Paragraph V) that "Every person charged with an offense against the laws of this State shall have the privilege and benefit of counsel * * *." See Ga.Code Ann., Constitutions of the State of Georgia of 1877 and 1945 (1948).) If, on remand, evidence is introduced which establishes that Goodwin knew of his right to counsel and did not invoke it, the court must then determine whether he relinquished that right voluntarily and understandingly. *See* Molignaro v. Smith, 5 Cir., 1969, 408 F.2d 795; cf. Schram v. Cupp, 9 Cir., 1970, 425 F.2d 612, 615–616.

## II.

 We have assumed for purposes of the foregoing that Goodwin was indigent at the time he entered his plea. A specific finding on this point is required. If Goodwin was in a position to retain counsel and failed to do so, the question of waiver of counsel will remain to be resolved.[4]

The judgment of the District Court is reversed, and the cause remanded with directions to hold a hearing for a full development of the facts, particularly as to whether Goodwin was represented by counsel in the 1959 proceedings, whether he was indigent at the time, and whether he waived his right to counsel. *Cf.* Molignaro v. Dutton, 5 Cir., 1967, 373 F.2d 729, 731.

Reversed and remanded.

4. *See, e. g.*, Chandler v. Fretag, 348 U.S. 3, 4–6, 75 S.Ct. 1, 2–4, 99 L.Ed. 4 (1954). Most of the developments in this area of the law since Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), have taken place in cases involving indigent defendants. But just as the Sixth Amendment guarantees to the indigent the right to have counsel appointed for his defense, it guarantees to the non-indigent the right to the effective assistance of retained counsel. *See* Chandler v. Fretag, supra; cf. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Powell v. State of Alabama, 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). This Court on occasion has grant-

ed habeas corpus relief to petitioners under the doctrines and precedents set out in this opinion, without mention of indigency. See Stubblefield v. Beto, 5 Cir., 1968, 399 F.2d 424, 425–430 (Godbold, J., dissenting).

In *Stubblefield*, on facts in some ways similar to the facts of the instant case, this Court denied relief on grounds of waiver. But *Stubblefield* must be distinguished: the evidence was clear that the petitioner was not indigent at the time he entered his plea, and his testimony left no doubt that at the time he pled guilty he was aware of his right to the assistance of retained counsel.