Dolphus L. DULIN, Petitioner-Appellant,

v.

C. Murray HENDERSON, Warden, Respondent-Appellee.

No. 30978

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 13, 1971.

---

* Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Dolphus L. Dulin, pro se.

Charles W. Richard, Asst. Dist. Atty., Lake Charles, La., for respondent-appellee.

Before GEWIN, GOLDBERG, and DYER, Circuit Judges.

**PER CURIAM:**

This appeal is taken from an order of the district court denying the petition of a Louisiana State prisoner for a writ of habeas corpus. We vacate and remand.

Appellant entered a plea of guilty to a burglary charge on June 18, 1969, and was sentenced on July 16, 1969, to seven years imprisonment. The sentence was made to run concurrently with a ten-year sentence imposed in an earlier case.

In his petition for habeas corpus relief appellant primarily alleged that his plea should be set aside because (1) he was denied the assistance of counsel, and (2) he did not knowingly and intelligently enter the plea because the state trial court failed to advise him of his constitutional rights or to ascertain that appellant understood the charges against him. After holding an evidentiary hearing, the district court found that the guilty plea was both voluntary and intelligent, and that appellant had validly waived counsel.[1] Having carefully studied the record, we find no evidence to support either of these findings.

An accused, "even if he pleads guilty, must be provided with counsel unless that right is intelligently and completely waived." Molignaro v. Dutton, 5 Cir. 1967, 373 F.2d 729, 730; Gideon v. Wainwright, 1963, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799. And, if Dulin "did not know about his right to appointed counsel and was not clearly advised of that right, then there could not possibly be an intentional relinquishment or waiver of that right." Molignaro v. Dutton, *supra*, 373 F.2d at 730. The record in the instant case contains a copy of a document from the state proceedings which recites:

"Defendant Dulin is called before the bar and advised by the Court of

---

1. In his habeas petition appellant also alleged that his plea was coerced by police officers who threatened him with the maximum punishment provided by law. At the evidentiary hearing the police officers testified that they did not make the alleged threats. The district court chose to credit the testimony of the police, and we perceive no clear error in this finding. O'Neal v. Smith, 5 Cir. 1970, 431 F.2d 646; Lujan v. United States, 5 Cir. 1970, 431 F.2d 871; Maner v. United States, 5 Cir. 1970, 429 F.2d 578.

his right to have counsel represent him and that the Court will appoint an Attorney for him if he has no funds, and defendant waives his right to counsel."

The district court found from this document that appellant waived counsel. However, as we stated in *Molignaro*, a mere recitation does not provide any insight into "how or in what way * * * [appellant] was advised of the right to counsel." 373 F.2d at 730. *See also* Hillyer v. Dutton, 5 Cir. 1967, 379 F.2d 809. No evidence, moreover, was adduced at the hearing below to establish the source or to certify the authenticity of this minute entry. See Haacks v. Wainwright, 5 Cir. 1968, 387 F.2d 176. On this state of the record, we simply cannot presume that the appellant voluntarily and knowingly waived his right to counsel.

■■■■ Moreover, even assuming that Dulin did validly waive counsel, a proposition to which we do not subscribe, his ensuing guilty plea nevertheless cannot be considered intelligent and voluntary unless it be shown that he was aware of the implications and possible consequences of his plea, with its concomitant waiver of fundamental constitutional rights. Molignaro v. Smith, 5 Cir. 1969, 408 F.2d 795; Trujillo v. United States, 5 Cir. 1967, 377 F.2d 266; Busby v. Holman, 5 Cir. 1966, 356 F.2d 75. The record herein lacks sufficient indication that the appellant was either advised or aware of his rights. The state trial court, it appears, took no steps to insure a record which would undisputably show that Dulin's guilty plea was intelligently and voluntarily entered. *See* Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Wade v. Wainwright, 5 Cir. 1969, 420 F.2d 898; Schnautz v. Beto, 5 Cir. 1969, 416 F.2d 214. As has been stated in numerous cases, a waiver of the important constitutional rights to counsel, trial by jury, confrontation of witnesses, and freedom from self-incrimination cannot and will not be presumed from a silent record.

Boykin v. Alabama, *supra*; Carnley v. Cochran, 1962, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70; Goodwin v. Smith, 5 Cir. 1971, 439 F.2d 1180; Hillyer v. Dutton, *supra*.

The evidentiary hearing held below fell short of clarifying the factual differences because the state did not proffer evidence to refute appellant's allegations as to the waiver issues. We therefore vacate the judgment below and remand the case for an additional hearing at which appellant should be assisted by counsel, and at which the state should be given the opportunity to come forth with any positive evidence it may have to controvert appellant's allegations.

Vacated and remanded.