**William Chester CRAIG, Petitioner-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.**

**No. 71–1505**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.
March 31, 1972.

---

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Lawrence Fischman, Dallas, Tex. (court-appointed), for petitioner-appellant.

Crawford C. Martin, Atty. Gen. of Tex., Glenn R. Brown, Asst. Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty Gen., Austin, Tex., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

RONEY, Circuit Judge:

On June 2, 1969, petitioner Craig was convicted in Texas of burglary. Because he had two prior felony convictions, he was sentenced to life imprisonment under Article 63, Texas Penal Code.[1] One of these prior convictions took place in Oklahoma in 1951 when Craig pled guilty to a burglary charge, for which he has served out his sentence of 6 years. No appeal was taken from that conviction and no collateral attack was made on it in Oklahoma. Nor did Craig raise any question concerning the possible invalidity of the Oklahoma judgment when it was used in the trial of this case in Texas. He took no appeal from the Texas life sentence.

However, Craig filed an application for writ of habeas corpus in the state trial court alleging for the first time that the 1951 Oklahoma conviction was invalid for constitutional reasons: that is, (1) he did not effectively waive his right to assistance of counsel, (2) the conviction was based on an information rather than an indictment, and (3) he was denied a preliminary hearing. After an evidentiary hearing, the writ was denied by the Texas trial court, and the denial was affirmed by the Texas Court of Criminal Appeals. Having thus exhausted his state remedies Craig filed a petition for writ of habeas corpus in the federal district court. The district court denied the petition without a hearing on a finding that the "petitioner received a full, fair, and adequate hearing in the state court . . . fully satisfying the requirements of 28 U.S.C. § 2254(d), and Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963)" and on the further finding that the facts developed at the state hearing showed that "petitioner made an 'intelligent and competent' waiver of his right to counsel as is required by Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)."

Two points are critical to the determination of this case. One is the question of whether the evidence relied upon by the state court was sufficient to show an intelligent waiver of counsel by Craig when he pled guilty to the Oklahoma burglary charge. The other is whether a collateral attack on the Texas conviction brings into view the full panoply of constitutional questions which could be raised in the usual post-conviction proceedings which Craig could have brought in the state and federal courts of Oklahoma when he was incarcerated there.

I.

Answering the second question first, we think that Texas is burdened with defending the attack on the Oklahoma conviction in the same way that the State of Oklahoma would be so burdened in a collateral attack in Oklahoma. No more, and no less. Texas cannot disregard the constitutional infirmities of any conviction which it seeks to use for enhancement purposes. Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed. 2d 319 (1967). To hold otherwise would authorize Texas to impose a penalty for a conviction unconstitutionally obtained, when in fact any penalty imposed in the convicting state itself would have to be set aside under a collateral constitutional attack. In the posture that this case comes before us, we think the Oklahoma conviction should receive the same con-

1. Art. 63. Third conviction for felony "Whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary."

sideration by us that it would receive under a direct collateral attack, except as to exhaustion of Oklahoma state remedies. Since our decision only relates to the use of that conviction in a Texas Court, it is only necessary that Texas state remedies be exhausted. Our action will leave standing the conviction in Oklahoma, as far as Oklahoma is concerned, so that it is not necessary for Craig to show that he has exhausted the post-conviction remedies that might have been available in that state.

■ Of course, Craig might have brought collateral proceedings in Oklahoma. Although federal habeas corpus is not available to challenge the validity of a state conviction after the sentence has been completely served, the action can be maintained upon an allegation that the conviction was used in a subsequent criminal proceeding for enhancement of a sentence which the petitioner is serving at the time of filing the habeas action. Jackson v. State of Louisiana, 452 F.2d 451 (5th Cir. 1971).

Conflicts exist among the Circuits as to whether a prisoner should collaterally attack a conviction in the state of conviction or in the state of confinement. See Word v. North Carolina, 406 F.2d 353 (4th Cir. 1969); United States ex el. Van Scoten v. Pennsylvania, 404 F.2d 767 (3rd Cir. 1968); White v. State of Tennessee, 447 F.2d 1354 (6th Cir. 1971). The Supreme Court has not decided the point. In Nelson v. George, 399 U.S. 224, 90 S.Ct. 1963, 26 L.Ed.2d 578 (1970), a case covering the validity of a detainer, the Court left for another day "the proper treatment for habeas corpus claims such as those involv[ing] . . . challenge[s] in the California courts to the validity [of a] North Carolina conviction." (J. Harlan concurring opinion, p. 230, 90 S.Ct. p. 1967).

■ We think that Craig is entitled to question the Oklahoma conviction in Texas in the collateral proceedings against the Texas conviction because, first, Texas is confining him under a life sentence which he would not be serving were it not for the Oklahoma conviction, and second, even if Craig brought proceedings in Oklahoma, a favorable result there would still necessitate further proceedings for relief in Texas.

We cognize the practical problems in producing in Texas records and witnesses of events that occurred in Oklahoma over twenty years ago. However, we think that Texas should bear this burden, if necessary, in support of the validity of Craig's 1951 conviction because it has imposed the life sentence in Texas, and is presently confining Craig under that sentence, all based upon the theory that the Oklahoma conviction is valid.

## II.

Reviewing the decision of the district court in this light, we think the denial of the petition for writ of habeas corpus must be vacated and the case returned for an evidentiary hearing on the issue of whether or not Craig made an intelligent and competent waiver of his right to counsel in Oklahoma. Contrary to the reliance of the district court on the state court hearing, we do not find there sufficient evidence to support a finding that Craig's lack of counsel in Oklahoma followed a constitutional waiver.

■ The law on the point is established and undisputed. An indigent accused, even if he pleads guilty, must be provided with counsel unless that right is intelligently and competently waived. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); Hillyer v. Dutton, 379 F.2d 809 (5th Cir. 1967). Craig could not have intelligently waived his right to counsel if he was not made aware of that right. Johnson v. Zerbst, supra. The fact that Craig had been involved in numerous court proceedings prior to his 1951 conviction did not vitiate the affirmative duty of the court to inform him that he had the right to appointed counsel. Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). Indeed, the record does not reflect that appellant was aware of his right to counsel as a result of his pre-1951 experiences with the law and judicial process. Waiver of such an

important constitutional right will not be inferred lightly nor presumed from a silent record as to that precise fact. Hamilton v. Watkins, 436 F.2d 1323 (5th Cir. 1970).

The evidentiary issue boils down to the question of whether a docket sheet from Oklahoma can alone withstand the testimony of the petitioner and constitute sufficient evidence upon which to rest a decision that Craig waived his constitutional right to counsel with the knowledge and in the manner that the United States Supreme Court has determined to be necessary in such cases. It is on this point that we differ with the trial court.

 Craig testified in the state habeas corpus proceeding that he was not made aware of his right to legal counsel at any stage of his proceedings in the 1951 conviction.[2] His testimony also established that he was indigent at the time of his 1951 conviction.[3] With this testimony there is no doubt that appellant has met his initial burden of establishing lack of waiver of his constitutional right to counsel in his 1951 Oklahoma conviction. Goodwin v. Smith, 439 F.2d 1180 (5th Cir. 1971); *cf.* Palumbo

v. State of New Jersey, 334 F.2d 524 (3rd Cir. 1964).

 To controvert Craig's testimony, the state put into evidence a copy of the Oklahoma docket sheet. The state court relied upon the entries in this document which showed the following:

"3/8/51 Defendant present—admits his true name as William C. Craig.

Information read—Defendant is advised of his right to counsel.

Defendant stated that he did not desire Counsel and wanted to plead.

Thereupon Defendant pleads guilty.

Defendant thereupon sentenced to a term of six years in the State Penitentiary.

Defendant advised of his right of appeal."

Despite the fact that the docket sheet entries state that Craig was "advised of [his] right to counsel," such recitation is not a sufficient manifestation of an understanding and intelligent waiver of counsel. This Court has held that the mere statement that a defendant was advised of his constitutional right to appointment of counsel prior to waiver of

---

2. At the state habeas hearing Craig gave the following testimony which was not contradicted on cross examination:

"Q. How much education do you have?
A. 4th grade."

\* \* \* \* \*

"Q. Where were you arrested?
A. Well, I was arrested on the sidewalk in Enid, Oklahoma.
Q. What day?
A. The 7th day of March, 1951.
Q. Well, then what happened?
A. Well, I was arrested by two officers and carried to the city jail of Enid, Oklahoma, and there they questioned me about a Safeway burglary, and I told them I didn't know anything about the burglary, that I would like to use the telephone.
Q. For what purpose?
A. Well, I was going to consult somebody or to try to get in contact with somebody for assistance."

\* \* \* \* \*

"Q. . . . ., or what kind of assistance?

A. Well, legal assistance, counsel.
Q. Well did you or did you not tell the policeman that had you under arrest what you wanted to make a phone call for?
A. No, Sir, I just told them that I would like to make a phone call.
Q. What did they say?
A. He said I wasn't permitted to make a phone call."

\* \* \* \* \*

"Q. Well, was anything said about a lawyer at any time?
A. No, sir.
Q. Did the court advise you or discuss the matter of a lawyer with you?
A. No, sir."

3. "Q. Were you able to hire a lawyer on your own behalf?
A. No, Sir.
Q. Why weren't you able to?
A. Well, I didn't have any means, any funds or money to hire one."

**1136**

same, "provides little insight into either the nature of, or the circumstances surrounding, the advice," to determine whether there was "an intentional relinquishment or waiver of that right." Molignaro v. Dutton, 373 F.2d 729 (5th Cir. 1967). Such reasoning is especially relevant where, as here, the evidence relied upon to controvert Craig's direct testimony is in the nature of hearsay. Even accepting the docket sheet as evidence of the truth of the matters asserted therein, standing alone it does not appear to refute Craig's testimony. In advising him of his right to counsel, the state was required to advise him that counsel would be appointed if he could not afford to hire an attorney. If Craig did not know about his right to appointed counsel and was not advised of that right, then there could not possibly be an intentional relinquishment or waiver of that right. Reed v. United States, 354 F.2d 227 (5th Cir. 1965). The docket sheet does not show that Craig was advised of his right to *appointed counsel*. Thus, viewing the evidence submitted by the state in the light most favorable to Texas, we do not find it sufficient on its face to overcome the prima facie case.

The order is vacated and the cause is remanded to the district court with directions to hold a hearing for a full development of the facts as to whether Craig effectively waived his right to counsel in the 1951 Oklahoma proceedings. If the court finds that the 1951 conviction is valid, the petition should be dismissed. If the court finds that the 1951 conviction is invalid it should order the Texas court to institute resentencing proceedings, within a time certain, in which the 1951 conviction should not be considered. See, United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

The other grounds of attack which Craig makes on the Oklahoma conviction appear to be without merit, as a matter of law.

Vacated and remanded with directions.