Thomas Allen MORAN,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 78–3401.

United States Court of Appeals,
Fifth Circuit.

Dec. 7, 1979.

Michael Anthony Maness, Houston, Tex.,
for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before WISDOM, HILL and VANCE,
Circuit Judges.

JAMES C. HILL, Circuit Judge:

Appellant Thomas Moran seeks reversal of the judgment of the district court denying habeas corpus relief from a 30–year sentence for robbery imposed by a Texas

jury. The asserted error involves the presentation to the jury of evidence of a 1963 Louisiana conviction to enhance appellant's punishment for the robbery conviction. Appellant asserts that he was denied his Sixth Amendment right to counsel in the 1963 case and, therefore, that evidence of the conviction should not have been heard by the Texas jury. The state contends that appellant is foreclosed from challenging the introduction of the 1963 conviction by Texas' contemporaneous objection rule. Relying on a minute entry from the 1963 proceedings, the state argues alternatively that appellant knowingly and intelligently waived his right to counsel.

In 1974, appellant was tried before a jury and found guilty of robbery with firearms. At the punishment phase of the trial, the state, pursuant to the Texas Enhancement Statute, presented to the jury evidence of two prior convictions. The first, a misdemeanor conviction for aggravated assault, is not at issue here. The second, which appellant now asserts was constitutionally defective, was a 1963 Louisiana conviction for auto theft. In that case Moran, unrepresented by counsel, purportedly waived his right to an attorney and entered a plea of guilty.[1]

After hearing the evidence of appellant's prior convictions, the Texas jury sentenced him to 30 years imprisonment. The minimum sentence prescribed by Texas law for robbery with firearms is 5 years. The conviction and sentence was affirmed by the Texas Court of Criminal Appeals in 1975. *Moran v. State*, 529 S.W.2d 322 (Tex.Cr. App.1975). Appellant then filed an application in state court for a writ of habeas corpus. After holding an evidentiary hearing, the convicting court denied the application, finding that Moran validly waived his right to counsel in the Louisiana case. The court did not address the issue of Moran's failure to object at trial to the introduction of the conviction. The Texas Court of Criminal Appeals affirmed without written opinion.

In 1977, appellant filed his federal habeas petition, again asserting the invalidity of the 1963 conviction. The district court denied relief on the same grounds as the state court and for the additional reason that appellant had failed to comply with the Texas contemporaneous objection rule.

The state does not dispute that if we reach the merits of appellant's claim and find that the prior conviction was void under *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), it follows that the conviction should not have been used at the robbery trial to enhance appellant's sentence. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The state strenuously argues, however, that under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) we must honor Texas' forfeiture rule and refrain from considering the merits of appellant's constitutional claim.

■ The state's reading of the Texas rule is undoubtedly correct. *See, e. g., Ex parte Gill*, 509 S.W.2d 357, 359 (Tex.Cr.App. 1974); *Aldrighetti v. State*, 507 S.W.2d 770, 771–72 (Tex.Cr.App.1974); *Spead v. State*, 500 S.W.2d 112 (Tex.Cr.App.1973); *Branch v. State*, 477 S.W.2d 893 (Tex.Cr.App.1972). The line of cases culminating in the *Wainwright* decision require us to enforce a state's valid contemporaneous objection rule absent a showing of "cause" and "prejudice."[2] *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Francis v. Henderson*, 425 U.S. 536, 542, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976). We conclude, however, that a recently recognized exception to the *Wainwright* doctrine is applicable here. In *Francis*, the case which

---

1. Moran was sentenced to 2 years imprisonment in the Louisiana State Penitentiary.

2. We intimate no views on whether appellant has shown "cause" and "prejudice" sufficient to excuse his failure to make a contemporaneous objection.

*Wainwright* in effect reaffirmed, the Court stated that the reason for requiring federal courts to honor a state's contemporaneous objection rule was not an absence of authority; rather, the decision was based on "considerations of comity and concerns for the orderly administration of criminal justice." 425 U.S. at 538–39, 96 S.Ct. at 1710. The Court recognized that different considerations would come into play where the state courts reach the merits of a claim instead of disposing of it on procedural grounds. *Id.* at 542 n.5, 96 S.Ct. 1708 (citing *Lefkowitz v. Newsome*, 420 U.S. 283, 95 S.Ct. 886, 43 L.Ed.2d 196 (1973)). Our Court has interpreted that statement to mean that in such cases a federal court should not refrain from exercising its habeas corpus power:

> The state appellate courts adjudicated the issue on the merits. The issue is therefore open on federal habeas. The rule of *Wainwright v. Sykes*, . . . does not foreclose federal courts from reaching issues state courts treat as open. *See, e. g., Francis v. Henderson*, 425 U.S. 536, 542 n.5, 96 S.Ct. 1708, 1711 n.5, 48 L.Ed.2d 149, 154 n.5 (1976).

*Cannon v. Alabama*, 558 F.2d 1211, 1216, n.12 (5th Cir. 1977), *cert. denied*, 434 U.S. 1087, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). This term, the Supreme Court, in *County Court v. Allen*, —— U.S. ——, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), confirmed our suspicion about the meaning of the *Francis* dicta.

*Allen* involved a constitutional challenge to a New York statute which provides that an illegal firearm found in an automobile is presumptively in the possession of all occupants of the automobile. N.Y. Penal Law § 265.15(3). It was not until after the jury had announced its decision that the defendants challenged the constitutionality of the statutory presumption. Their post-trial motion was denied by the trial court, and New York's intermediate appellate court affirmed without opinion. —— at ——, 99 S.Ct. 2213. The New York Court of Appeals affirmed, summarily rejecting the constitutional argument. When the case reached the Supreme Court following federal habeas proceedings, the Court rejected the state's argument that the federal courts should not have decided the claim on its merits because of the defendants' failure to voice their objection at trial. *Id.* at ——, 99 S.Ct. 2213. Crucial to the decision was the finding that the state courts had decided the issue on its merits, rather than on the basis of a procedural rule. Three factors, all of which are present in the instant case, pointed to that conclusion: (1) the prosecution never raised the contemporaneous objection argument in the state courts; (2) the trial court decided the merits of the claim, and the only "logical inference [that could] be drawn from the Appellate Division's unexplained affirmance [was] that that court accepted not only the judgment but also the reasoning of the trial court"; (3) although the New York Court of Appeals summarily rejected the constitutional argument, the fact that it had heard and decided the very same issue on numerous occasions indicated that summary treatment was all that was deemed necessary to adjudicate the matter on its merits. *Id.* at ——, 99 S.Ct. 2213.[3] The Court concluded that holding *Wainwright* inapplicable where the state courts have chosen not to invoke a procedural default rule is entirely consistent with the policy considerations underlying that decision:

---

**3.** As another basis for concluding that the state courts did not rely on a procedural rule in rejecting the constitutional argument, the *Allen* Court pointed out that New York does not have a clear contemporaneous objection policy. In addition, it was possible that the defendants' claim fell within one of the judicially created exceptions to New York's rule. Although, in contrast, Texas has a very clear contemporaneous objection rule, that factor is only relevant to a determination of whether the state courts decided a particular issue on the merits or by its silence meant to dispose of it on the basis of a contemporaneous objection rule. Even where a state has a strong policy of requiring objections to be made at trial, we show no disrespect for the state by hearing a case in which the state has chosen not to invoke its forfeiture rule.

Our conclusion that it was proper for the federal courts to address respondents' claim is confirmed by the policies informing the "adequate state ground" exception to habeas corpus jurisdiction. The purpose of that exception is to accord appropriate respect to the sovereignty of the States in our federal system. *Wainwright v. Sykes, supra*, 433 U.S. at 88 [97 S.Ct. at 2507.] But if neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a federal court implies no disrespect for the State by entertaining the claim.

*Id.* at ——, 99 S.Ct. at 2223.[4]

The circumstances in the instant case are strikingly similar to those in *Allen*. First, not only did the prosecutor fail to request that the state courts decide the case on the basis of the contemporaneous objection rule, he specifically stated that the failure to object was immaterial and requested that the trial court reach the merits. Record, transcript of state habeas hearing, at 6–7. Second, there is no doubt that the state trial court decided the merits of appellant's constitutional argument without even mentioning his failure to object at trial. *Id.* at 27. Third, since the trial court's decision was on the merits only, the logical interpretation of the unexplained affirmance by the Court of Criminal Appeals is that it also was on the merits. Fourth, as in *Allen*, the appellate court in this case had, on several occasions, decided the precise issue presented to it by Moran. Thus, it is logical to assume that a written opinion was not deemed necessary. At the very least, it would strain logic to assume that an affirmance without written opinion was meant to dispose of the case on the basis of an argu-

ment never offered or passed on by the trial court. Under these circumstances, we imply "no disrespect for the State by entertaining the claim." *Allen, supra* at ——, 99 S.Ct. at 2223. We turn now to the merits of appellant's claim.

 At the state habeas hearing, appellant testified that at the 1963 proceedings he was not represented by an attorney and could not afford to retain one. Record, transcript of state habeas hearing, at 10. He also testified that he was not asked whether he had or wished to have an attorney and that he did not recognize the minute entry reciting his waiver of the right to counsel. With this testimony alone, appellant "met his initial burden of establishing lack of waiver of his constitutional right to counsel." *Craig v. Beto*, 458 F.2d 1131, 1135 (5th Cir. 1972). The burden was then on the State of Texas to prove that appellant knowingly and voluntarily waived his right to counsel. *McDonald v. Estelle*, 536 F.2d 667, 671 (5th Cir. 1976), *vacated and remanded on other grounds*, 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977); *Gutierrez v. Estelle*, 474 F.2d 899, 900 (5th Cir. 1973). The only evidence offered to rebut appellant's testimony was the minute entry itself, containing the following narration:

> 55,651—*State v. Thomas Moran*: The Court asked the accused if he was represented by counsel; to which he answered in the negative. The Court then asked the accused if he desired to employ counsel or to have the Court appoint counsel for him; to which the accused answered that he did not wish to have an attorney to represent him.

> . . . . .

> APPROVED: ATTEST:
> s/ Walter M. Hunter s/ Zetta Rogers
> JUDGE Deputy Clerk

---

4. Where the state court elects to reach the merits of a constitutional claim, the federal court is not precluded from reviewing the mer- its unless the state court also addresses the contemporaneous objection issue and rejects the claim on both grounds.

Over the course of the last 12 years we have refused on many occasions to hold that a minute entry or docket entry is sufficient evidence upon which to conclude that a defendant has waived his Sixth Amendment right to counsel. *See McDonald v. Estelle*, 536 F.2d 667 (5th Cir. 1976), *vacated and remanded on other grounds*, 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977); *United States v. Lewis*, 486 F.2d 217 (5th Cir. 1973); *Gutierrez v. Estelle*, 474 F.2d 899 (5th Cir. 1973); *Craig v. Beto*, 458 F.2d 1131 (5th Cir. 1972); *Dulin v. Henderson*, 448 F.2d 1238 (5th Cir. 1971); *Molignaro v. Dutton*, 373 F.2d 729 (5th Cir. 1967). The rationale for our position on this matter is simple. A waiver of constitutional rights must be "knowingly and intelligently" made in order to be effective. *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). While a minute entry or docket entry reciting that the defendant was asked if he wished to be represented and that he declined the invitation is evidence of the fact of a waiver, the typical entry does not give us a full enough picture of the proceedings to allow us to determine whether the waiver was knowingly and intelligently made.[5] Such evidence tells us only that the defendant waived his rights, not how or why he did so. *See Dulin v. Henderson*, 448 F.2d 1238, 1239 (5th Cir. 1971); *Molignaro v. Dutton*, 373 F.2d 729, 730 (5th Cir. 1967).

Having been signed by the judge, this minute entry is a far more meaningful recitation of the occurrences at the state court than the rubber stamped, fill-in-the-blanks, minute entries we have seen in prior cases. Nevertheless, on this record, we are bound by precedent to hold that it was error for the state trial court to allow the 1963 conviction to be used to enhance appellant's sentence.[6]

The judgment of the District Court is REVERSED and the cause REMANDED to the District Court for proceedings not inconsistent with this opinion.

---

**5.** In *United States v. Lewis*, 486 F.2d 217, 218–19 (5th Cir. 1973), we stated:
> [A] minute entry or unsubstantiated statement in an official document, such as the government utilized here, does not provide a sufficient basis for the trial judge, or for us, to conclude that the appellant voluntarily and knowingly waived his right to counsel.

**6.** The minute entry in this case is virtually indistinguishable from offers we have found insufficient to establish a waiver of the right to counsel. We quote two of these merely to illustrate this observation:
> Defendant Dulin is called before the bar and advised by the Court of his right to have counsel represent him and that the Court will appoint an Attorney for him if he has no funds, and defendant waives his right to counsel

*Dulin v. Henderson*, 448 F.2d 1238, 1239–40 (5th Cir. 1971).
> " '3/8/51 Defendant present—admits his true name as William C. Craig. Information read—Defendant is advised of his right to counsel. Defendant stated that he did not desire Counsel and wanted to plead.' "

*Craig v. Beto*, 458 F.2d 1131, 1135 (5th Cir. 1972).