Billy Royce WILLIFORD,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.

No. 81–2238
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 9, 1982.

Frank S. Craig, III, Baton Rouge, La., for petitioner-appellant.

Douglas M. Becker, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before RUBIN, SAM D. JOHNSON and GARWOOD, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

The issue raised by this habeas corpus petition is whether the petitioner knowingly and intelligently waived his right to counsel before he plead guilty to a charge of simple burglary in Louisiana that was subsequently introduced in the punishment stage of a trial for aggravated robbery in Texas. We conclude that the petitioner knowingly and intelligently waived his right to counsel and affirm the district court's denial of the writ of habeas corpus.

Billy Royce Williford is serving a forty-year sentence in the Texas Department of Corrections for aggravated robbery with a deadly weapon. He did not timely appeal the conviction but later sought to file an out-of-time appeal, claiming that he was

denied his right to appeal. That motion was denied.

Williford's subsequent petition for writ of habeas corpus to the state court was also denied. The Court of Criminal Appeals, however, ordered that counsel be appointed to represent Williford in an evidentiary hearing in the state district court. Following the hearing, the district court concluded that Williford had not been denied the effective assistance of counsel; that the Louisiana judgment convicting Williford of simple burglary introduced into evidence in the Texas trial was not void; and that Williford was not denied his right to appeal the Texas conviction. Accordingly, the Court of Criminal Appeals denied Williford habeas corpus relief.

█ Williford then sought relief in federal district court. He raised four issues in his habeas corpus petition: denial of effective assistance of counsel; denial of the right to appeal; fundamental error in the trial court's charge to the jury; and the use of an allegedly invalid prior Louisiana conviction during the punishment phase of his Texas trial. The district court denied relief. In this appeal, Williford contests only the use of the Louisiana conviction in the punishment phase of his Texas trial. The other issues raised below are, therefore, deemed abandoned. *E.g., Mayberry v. Davis,* 608 F.2d 1070 (5th Cir. 1979); *Pate v. Wainwright,* 607 F.2d 669 (5th Cir. 1979); *Gorham v. Wainwright,* 588 F.2d 178, 179 n.2 (5th Cir. 1979).

The Texas Court of Criminal Appeals denied habeas corpus relief based on the state district court judge's findings of fact and conclusions of law made after the evidentiary hearing that the prior Louisiana conviction was not void and was properly introduced into evidence. Those findings "shall be presumed to be correct" unless one of the exceptions to that presumption stated in the habeas corpus act is established. 28 U.S.C. § 2254(d). *Sumner v. Mata,* 449 U.S. 539, 547, 101 S.Ct. 764, 771, 66 L.Ed.2d 722 (1981); *Germany v. Estelle,* 639 F.2d 1301, 1305 (5th Cir.), *cert. denied,* —— U.S. ——, 102 S.Ct. 290, 70 L.Ed.2d 140 (1981). In this case, Williford relies only on § 2254(d)(8) (the state court finding "shall be presumed to be correct unless . . . the Federal court . . . concludes that such factual determination is not fairly supported by the record"), contending that the state court finding was "clearly in error and cannot be supported by the record."

Three documents from the Louisiana state court proceedings indicate that Williford waived his right to counsel: a pre-arraignment statement, a minute entry, and a statement of facts. Williford's pre-arraignment statement was signed on March 12, 1965 by Williford, the presiding judge, the assistant district attorney, and the deputy clerk of court. The statement consisted of typed questions and handwritten answers.[1] Williford was asked, inter alia:

---

1. The full statement reads:
   PRE–ARRAIGNMENT STATEMENT OF ACCUSED
   1. What is your name? Answer <u>Billy R. Williford</u>
   2. What is your age? Answer <u>32</u> years
   3. You are charged with "<u>simple burglary</u>". Under Louisiana law this is a felony charge. If you plead guilty to this charge the Court is authorized to sentence you to serve at hard labor in the State Penitentiary for a term of up to <u>9</u> years. Do you fully understand this? Answer <u>Yes</u>
   4. Do you have an attorney to represent you at this time? Answer <u>No</u>
   5. Do you wish the Court to appoint an attorney to represent and assist you at this time? Answer <u>No</u>

   6. Do you fully understand the possible consequences if you plead "Guilty" to the abovementioned charge? Answer <u>Yes</u>
   7. Do you wish to plead to the abovementioned charge at this time? Answer <u>Yes</u>
   8. Has anyone threatened you or mistreated you in any way so as to induce you to enter a plea to the above charge? Answer <u>No</u>

   Date <u>March 10, 1965</u>     <u>s/ Billy R. Williford</u>
                                  (Signature of Accused)

   The foregoing colloquy took place in Open Court on the aforesaid date between the accused named above and the undersigned Assistant District Attorney in the presence of the undersigned Presiding Judge and Deputy Clerk of Court. The said accused then (signed) the foregoing statement, same being done in the presence of the undersigned.

Do you have an attorney to represent you at this time? ANSWER <u>No</u>

Do you wish the Court to appoint an attorney to represent and assist you at this time? ANSWER <u>No</u>

On March 15, 1965, the following minute entry was filed in the Louisiana court record following Williford's guilty plea to simple burglary:

> 60,924—State vs. Billy R. Williford. (Simple Burglary) In the above numbered and entitled case, the accused was present in open Court, without counsel. After pre-arraignment statement was made, which statement is made part of the record. [*Sic.*] *The accused stated to the Court that he did not wish appointment of counsel, and was ready to plead.* The Court then informed the accused that he did not have to plead guilty, but could plead not guilty, and have a trial by a jury, and that before pleading at all, *he could have the services of an attorney of his own choice, and that if he was unable to employ counsel, the Court would appoint counsel to represent him. The ac*cused stated to *the* Court that he did not wish appointment of counsel, nor a trial by a jury, and that he wished to plead guilty, because he was guilty. Whereupon the accused was duly and formally arraigned. The accused then signed the pre-arraignment statement, pleaded guilty, and was remanded for sentence.

(Emphasis added.) The minute entry was attested to and signed by the clerk of court and approved and signed by the trial judge.

In addition, a statement of facts filed on March 25, 1965, stated, in part:

> On Friday, March 12, 1965, the accused appeared in open court and after having rights to the appointment of counsel and to a jury trial explained to him and hav-

ing waived the appointment of counsel and waived the jury trial, he entered a plea of guilty to the above charge.

■ Court records alone may be insufficient to establish a waiver of counsel if they are ambiguous. Thus, in *Moran v. Estelle*, 607 F.2d 1140, 1144 (5th Cir. 1979), we held that the text of a minute entry was insufficient to establish "how and why" the criminal defendant had waived his rights. There the minute entry read only

> 55–651—State v. Thomas Moran: The Court asked the accused if he was represented by counsel; to which he answered in the negative. The Court then asked the accused if he desired to employ counsel or to have the Court appoint counsel for him; to which the accused answered that he did not wish to have an attorney to represent him.

*Id.* at 1143. The defendant testified that he did not recognize the minute entry and that he was never asked if he wished to have an attorney. The state offered nothing but the quoted court record. Similarly, in *McDonald v. Estelle*, 536 F.2d 667 (5th Cir. 1976),[2] *vacated and remanded on other grounds*, 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977), the state introduced only a docket sheet entry to establish the petitioner's knowing and intelligent waiver of his right to counsel; there was no signed pre-arraignment statement. In *Craig v. Beto*, 458 F.2d 1131 (5th Cir. 1972),[3] the docket sheet entry reflected that the defendant had been advised of his right to counsel, *id.* at 1135, but was not advised that counsel could be *appointed* for him. The court held that, if the defendant "did not know about his right to appointed counsel and was not advised of that right, then there could not possibly be an intentional

---

This court has held that a question and answer statement signed by the petitioner, the judge, the assistant district attorney and the deputy clerk of court is sufficient to support a finding of "an intelligent waiver by appellant of his right to counsel." *Williams v. Babineaux*, 357 F.2d 481, 483 (5th Cir. 1966).

**2.** Habeas corpus relief was granted because introduction of a prior uncounseled conviction

at the penalty stage in a subsequent trial was held to be non-harmless constitutional error.

**3.** The district court's denial of habeas corpus relief was vacated and the cause was remanded for a hearing as to whether the petitioner effectively waived his right to counsel in the earlier proceeding.

relinquishment or waiver of that right." *Id.* at 1136.

In *Dulin v. Henderson*, 448 F.2d 1238 (5th Cir. 1971),[4] we refused to find that the petitioner had knowingly and intelligently waived his right to counsel because "a mere recitation does not provide any insight into 'how or in what way * * * [appellant] was advised of the right to counsel,' " *id.* at 1240 (quoting *Molignaro v. Dutton*, 373 F.2d 729, 730 (5th Cir. 1967)), and no evidence was adduced "to establish the source or to certify the authenticity of this minute entry," 448 F.2d at 1240.[5]

In the evidentiary hearing in state court Williford admitted that he was advised of his right to counsel, but maintained that he was not advised that court-appointed counsel would serve free of charge.[6] The trial court judge presiding at the evidentiary hearing was able to assess Williford's credibility and assay his denial.

■ Considering both the state court record and the evidentiary hearing, we find the evidence neither as sparse nor as ambiguous as it was in the cases discussed above. The petitioner in a habeas corpus proceeding bears the burden of proof on his right to relief. *E.g., Braxton v. Estelle*, 641 F.2d 392, 394 (5th Cir. 1981); *Jones v. Estelle*, 632 F.2d 490, 492 (5th Cir. 1980). That rule prevails when the petitioner claims that he did not knowingly and intelligently waive counsel if the record contains a recital concerning waiver. *See, e.g., Bouchillon v. Estelle*, 628 F.2d 926 (5th Cir. 1980); *Wesley v.*

*State of Alabama*, 488 F.2d 30 (5th Cir. 1974); *Williams v. Babineaux*, 357 F.2d 481 (5th Cir. 1966). The petitioner may meet his burden by testimony. Thus in *Moran v. Estelle*, 607 F.2d 1140 (5th Cir. 1979), we found the petitioner's testimony in the state habeas hearing that he was not asked if he wished to have an attorney appointed by the court sufficient to meet his initial burden of establishing a lack of waiver of his constitutional right to counsel.[7] Correspondingly, when the record is *totally silent*, the burden of proof is on the state to show that in fact the petitioner has waived his right to counsel. *See, e.g., Gray v. Estelle*, 616 F.2d 801 (5th Cir. 1980); *Ford v. Wainwright*, 526 F.2d 919 (5th Cir. 1976); *Goodwin v. Smith*, 439 F.2d 1180 (5th Cir. 1971). Here the documents offered by the state were sufficient to place the burden of proof on Williford. Williford failed to satisfy that burden.

Having considered the state court record as a whole, we conclude that the state court's determination that the prior Louisiana conviction was not void is fairly supported by the record and we, therefore, AFFIRM the district court's judgment dismissing the habeas corpus petition.

4. The district court's denial of habeas corpus relief was vacated and the cause was remanded for an evidentiary hearing to determine whether the petitioner effectively waived his right to counsel.

5. The minute entry recited only

Defendant Dulin is called before the bar and advised by the Court of his right to have counsel represent him and that the Court will appoint an attorney for him if he has no funds, and defendant waives his right to counsel.

448 F.2d at 1239–40.

6. THE COURT: But they did tell you they would get you a lawyer.
MR. WILLIFORD: Yes, sir. I was advised that I could be represented by counsel of my choice.

THE COURT: And that was your assumption that you'd have to pay for it?
MR. WILLIFORD: I didn't have no assumption, I just took it for granted that I'd have to pay for it. I mean, they never told me I wouldn't.
THE COURT: But they did offer you a lawyer.
MR. WILLIFORD: They didn't offer me no lawyer free of charge, they offered to appoint one for [me] and I understood that I'd have to pay for him if they appointed me one.
THE COURT: They didn't tell you you had to pay for him.
MR. WILLIFORD: No, sir, they didn't tell me I didn't.

7. See the minute entry, *supra* page 1802.