**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 98-30919
Summary Calendar**

_____

**GREGORY JOHNSON,**

**Petitioner-Appellant,**

**versus**

**BURL CAIN, Warden, Louisiana State Penitentiary,**

**Respondent-Appellee.**

_____

**Appeals from the United States District Court
for the Eastern District of Louisiana
(98-CV-713-B)**

_____

September 20, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gregory Douglas Johnson, Louisiana prisoner # 108327, appeals the denial of 28 U.S.C. § 2254 habeas relief. With respect to the sole issue on which a certificate of appealability was granted, Johnson contends that a minute entry in the state court record, reflecting that he had waived his right to trial by jury, is insufficient to establish that the waiver was knowingly and intelligently made.

The state court addressed Johnson's claim on the merits, holding that he had waived his right to a jury trial and that the

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial court's failure to advise him of that right was harmless because he had not alleged that he was unaware of the right. The state court ruled, however, as a matter of state, not federal, law.

The effectiveness of a waiver of a federal constitutional right is governed by federal law. *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). Although there may be subsidiary questions of fact, whether the waiver of Johnson's right to a jury trial was knowing and voluntary is ultimately a legal determination. *Cf*. *Marshall v. Lonberger*, 459 U.S. 422, 431-32 (1983) (voluntariness of state prisoner's guilty plea is question of law but historical facts are entitled to presumption of correctness); *Barnes v. Johnson*, 160 F.3d 218, 222 (5th Cir. 1998) (voluntariness of accused's confession is ultimately a legal determination, but the determination may involve subsidiary factual determinations), *cert. denied*, ___ U.S. ___, 119 S. Ct. 1768 (1999). Therefore, under the standards of review provided by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), this court must respect the state court's determination so long as it was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States". 28 U.S.C. § 2254(d)(1).

The right to a jury trial in a criminal case is a fundamental constitutional right. *Duncan v. Louisiana*, 391 U.S. 145, 157-58 (1968). That right may be waived by the defendant, but the waiver must be express and intelligently made. *See* *Singer v. United*

*States*, 380 U.S. 24, 34 (1965); ***Patton v. United States***, 281 U.S. 276, 298, 312 (1930); ***Mills v. Collins***, 924 F.2d 89, 93 & n.4 (5th Cir. 1991) (recognizing continuing validity of ***Patton*** with respect to requirement that a federal or state court must obtain a knowing and intelligent waiver of the right to a jury trial). Whether "there is an intelligent, competent, self-protecting waiver of jury trial by an accused must depend upon the unique circumstances of each case". ***Adams v. United States ex rel. McCann***, 317 U.S. 269, 278 (1942).

The waiver of important constitutional rights, including the right to trial by jury, may *not* be presumed from a silent record. ***Boykin***, 395 U.S. at 243; ***Dulin v. Henderson***, 448 F.2d 1238, 1240 (5th Cir. 1971). "The record must show, or there must be an allegation and evidence which show, that [the waiver was] intelligently and understandingly [made]." ***Boykin***, 395 U.S. at 242. In general, a minute entry will *not* provide any insight into how, or in what way, a defendant had been advised of his constitutional rights. ***Moran v. Estelle***, 607 F.2d 1140, 1144 (5th Cir. 1979).

Johnson has consistently alleged that he did *not* understand or appreciate his right to a jury trial. The discussion in ***Patton***, ***Boykin***, and their progeny reflects that mere awareness of a federal constitutional right is *not* enough; instead, the waiver must be intelligently and knowingly made. As in ***Moran*** and ***Dulin***, the minute entry in the instant case, standing alone, fails to establish how, and in what way, Johnson was advised of his right to

a jury trial.  Accordingly, the state court's determination that Johnson knowingly and intelligently waived his right to a jury trial involves an unreasonable application of established federal law.  The judgment of the district court is therefore **VACATED**, and the case is **REMANDED** for further proceedings.  *Dulin*, 448 F.2d at 1240.

*VACATED and REMANDED*