Bufford Lenell McDONALD,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellant.

No. 76–1576
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 6, 1976.
Rehearing and Rehearing En Banc
Denied Oct. 4, 1976.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

John L. Hill, Atty. Gen., Patrick P. Rogers, Asst. Atty. Gen., David M. Kendall, 1st Asst. Atty. Gen., Joe B. Dibrell, Jr., Chief, Enforce. Div., Max P. Flusche, Jr., Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

James D. Durham, Jr. (Court-appointed), Amarillo, Tex., for petitioner-appellee.

Bufford McDonald, pro se.

Before THORNBERRY, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

We affirm on the basis of the district court's opinion, which is set forth in the appendix.

### APPENDIX

### MEMORANDUM AND ORDER

BUFFORD LENELL McDONALD is a state prisoner, pursuant to judgment and sentence of the District Court of Castro County, Texas, in Cause No. 940. On January 25, 1973, he was convicted by jury under an indictment charging him with the felony offense of sodomy and he was sentenced to serve an indeterminate term of not less than two years nor more than fifteen years in Texas Department of Corrections. The Court of Criminal Appeals affirmed the conviction. *McDonald v. State,* 513 S.W.2d 44 (Tex.Crim.1974).

Petitioner has filed application for writ of habeas corpus pursuant to the provisions of Title 28, United States Code, Section 2241 et seq., and he is proceeding in forma pauperis. He challenges the above conviction contending that (1) he was illegally arrested without a warrant and without probable cause; (2) he was denied due process of law in that he was held in jail from the date of his arrest on September 20, 1971, and was

refused assistance of counsel, until counsel was appointed in March, 1972; (3) he was denied due process because he was never arraigned on the charge before the grand jury returned the indictment on April 4, 1972; (4) he was denied his constitutional right to a speedy trial; (5) he was not given timely notice of pre-trial hearing and did not have opportunity to properly prepare for the hearing; (6) he was not afforded a fair sanity trial; (7) the indictment was defective; (8) he was denied a fair trial and was tried as a criminal in general; (9) the prosecution illegally used extraneous offenses to rebut his alibi as to date of commission of the offense; (10) the State suppressed evidence which was favorable to his defense; (11) the trial judge failed to properly instruct the jury on the law concerning a minor as an accomplice; (12) the evidence was insufficient to support the conviction; (13) prior convictions upon which he was not represented by counsel were introduced into evidence against him at the punishment phase of the bifurcated trial; (14) he was denied effective assistance of counsel during the punishment phase of the trial; (15) the jury considered parole prospects which was evidence outside the record; (16) he was mislead by the district attorney and did not have opportunity to file a reply brief on appeal; and (17) after the record had been approved on appeal, the clerk changed the file mark on the indictment.

Petitioner had presented many of the instant challenges on direct appeal to the Court of Criminal Appeals of Texas. That court delivered its comprehensive opinion on July 10, 1974, which fully considered the challenge to the warrantless arrest; the failure of the Court to arraign him prior to indictment; the sufficiency of the evidence; the objections to the Court's charge; and the admission into evidence of extraneous offenses at the guilt stage of the bifurcated trial. Petitioner also filed application for writ of habeas corpus in the trial court where he effectively raised the remaining challenges as well as repeating those which he had urged on direct appeal to the Court of Criminal Appeals of Texas. The trial judge did not conduct an evidentiary hearing and on March 27, 1975, he filed findings of fact and conclusions of law pursuant to Article 11.07, Texas Code of Criminal Procedure. The Court of Criminal Appeals of Texas denied the application without written order on the findings of the trial court on April 16, 1975. Petitioner has exhausted available state remedies.

The statement of facts of the trial and the transcript of proceedings in the trial court have been filed in this proceeding. Most of the challenges urged by petitioner were found adversely to him by the Court of Criminal Appeals by its comprehensive opinion or by the trial court in his findings of fact. The opinion of the Court of Criminal Appeals and the findings of the trial judge on all except the hereinafter mentioned challenges are supported by the record and are adopted by this Court.

The issues concerning effectiveness of counsel, suppression of evidence by the prosecution, denial of speedy trial, and the use of prior convictions at the punishment phase could not be resolved from the record. Therefore, this Court appointed counsel to represent petitioner and conducted an evidentiary hearing on November 6, 1975.

The evidence at the evidentiary hearing established that the challenges that the prosecution has suppressed evidence, that petitioner was denied effective assistance of counsel, and that he was denied a speedy trial are without merit.

Petitioner contended that his attorney had entered an agreement with the prosecutor for the prosecutor to reveal to the attorney prior to trial all evidence which he proposed to use upon trial of the case. During the trial, the prosecutor developed from one of the minor witnesses that on one occasion petitioner had shown to him a number of photographs of young boys with whom he "had did it". No pictures were introduced into evidence. The district attorney explained that he always had an open file policy and would permit defense counsel in any case to examine his entire file. He had in fact shown his file to attorney for petitioner, including a stack of

approximately fifteen pictures which had been delivered to him by the Sheriff's office. The prosecutor did not know the significance of the pictures until he was interviewing witnesses in preparation for trial. Those photographs had been in the file when defense counsel examined the file, however, and were not actually introduced into evidence. Petitioner failed to demonstrate that the prosecutor had suppressed evidence.

Petitioner's challenge to the effectiveness of counsel is limited to counsel's failure to object to the introduction of prior convictions during the punishment phase of the bifurcated trial. Petitioner admitted time and again that in general he was quite satisfied with the way counsel had conducted the defense and he had acknowledged to the Court of Criminal Appeals that appointed counsel had rendered effective service. However, three prior convictions were introduced into evidence during the punishment phase as a part of the criminal record of petitioner, upon two of which petitioner had no counsel, and the attorney failed to object to their admission. When objection to those prior convictions was raised upon direct appeal, the Court of Criminal Appeals of Texas refused to consider the challenges because no objection to them had been made at trial. For that reason, petitioner urges the ineffectiveness of counsel for that limited purpose. The fact that prior convictions upon which petitioner was not represented by counsel were introduced at the trial will be discussed later in this opinion. A review of the full record, however, reflects that petitioner was not denied effective assistance of counsel. In fact, the assistance rendered by the appointed counsel was well within the standard announced in *MacKenna v. Ellis*, 5th Cir. 1960, 280 F.2d 592, 599, wherein the Court defined effective counsel as being counsel reasonably likely to render and rendering reasonably effective assistance.

Nor can this Court find merit in petitioner's contention that he was denied a speedy trial. Petitioner contends that he was arrested on September 20, 1971, indicted in November, 1971, and re-indicted on April 4, 1972. He contends further that from the time of his arrest in September, 1971, until March, 1972, he repeatedly wrote letters to the county attorney, to the district attorney, to the trial judge, and to anyone else who he thought might listen and requested that counsel be appointed for him and that he be tried for the offenses charged. The district attorney explained at the evidentiary hearing that after the accused was arrested, the Sheriff's office notified the district attorney that petitioner was on probation for a like offense, of sodomy in Potter County, Texas. The Courthouse in Castro County, Texas, county of the offense and of trial, was being remodeled and the district attorney knew that it would be several months before petitioner could have a trial in Castro County, Texas. He contacted the district attorney of Potter County, Texas, where petitioner's probated sentence for sodomy had been adjudged and arranged to have petitioner transferred to Amarillo for hearing on motion to revoke that probation. In early 1972, however, the district attorney of Potter County, Texas, notified the district attorney of Castro County, Texas, that on each occasion upon which they tried to get petitioner into the courtroom for trial, he had some mental or physical breakdown and the trial judge saw some indication of insanity. For that reason, the judge refused to have hearing on the motion to revoke probation until a sanity trial was conducted in the county of the primary offense and sometime during March, 1972, petitioner was returned to Castro County for trial. Counsel was then appointed to represent petitioner in Castro County, Texas. The district attorney testified that until petitioner was returned to Castro County for trial, he had never received any communication from petitioner requesting counsel. He indicated that he had a uniform practice to insure that counsel was appointed when he learned that an accused had no counsel. The length of delay between arrest and trial is only one of the elements to consider on the determination as to whether the constitutional right to speedy trial has been

denied. It is a triggering device for inquiry as to the existence of the other elements. Under all the facts shown, petitioner has not established prejudice and has not shown that he has been denied his constitutional right to a speedy trial.

Resolution of petitioner's challenges depend almost entirely upon the admissibility of the prior convictions during the punishment phase of the bifurcated trial. One of the prior convictions was the probated sentence from Potter County, Texas, for the like offense of sodomy. Petitioner had been represented by counsel at the time the probated sentence was entered, it was part of his criminal record, and it was properly admissible during the punishment phase.

█ A second conviction was in the justice court of Deaf Smith County, Texas, for the misdemeanor offense of theft under five dollars for which petitioner was fined twenty-five dollars. He was not represented by counsel at that time, but no jail sentence was assessed and constitutional right to counsel is not established. Although the justice court in Texas is not a Court of record, the admission of that conviction, without more, was harmless beyond a reasonable doubt.

█ The primary defect is in the use of a prior felony conviction from Arkansas in 1960 for which petitioner received a penitentiary sentence of one year for cattle theft. Petitioner testified at the evidentiary hearing that he was arrested in March, 1960, in Arkansas for cattle theft and remained in jail for two or three weeks before he was taken before the judge to enter a guilty plea. Petitioner did not recall whether the trial judge advised him as to the nature of the charges, but he was adamant that he was not advised that he had the right to counsel, he was not offered an attorney, he was indigent, and he did not waive counsel. The record is clear that petitioner was not represented by counsel at the time of the challenged Arkansas conviction in 1960. He is entitled to question the Arkansas conviction in these collateral proceedings. *Craig v. Beto*, 5th Cir. 1972, 458 F.2d 1131.

[7, 8] The burden rests on the State of Texas to prove that petitioner knowingly and voluntarily waived counsel or that the error in admitting the evidence was harmless beyond a reasonable doubt. Respondent relies upon an entry upon the docket sheet of the Arkansas conviction that petitioner waived counsel, but produced no other evidence tending to show waiver. A minute entry does not provide sufficient basis to establish waiver of counsel. *Dulin v. Henderson*, 5th Cir. 1971, 448 F.2d 1238; *Gutierrez v. Estelle*, 5th Cir. 1973, 474 F.2d 899.

█ There can be no question but that petitioner had a constitutional right to counsel at the time of the Arkansas conviction. *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). To permit a conviction obtained in violation of *Gideon* to be used against a person either to support guilt or to enhance punishment erodes the principle of that case. *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). The use of prior convictions, void because uncounseled, for impeachment purposes deprives an accused of due process of law. *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972). In this case, the uncounseled conviction was not alleged for enhancement purposes but was introduced as part of petitioner's "prior criminal record" under the provisions of Article 37.07, Texas Code of Criminal Procedure and was available to the jury for consideration in the assessment of the fifteen year sentence.

Petitioner had a constitutional right to counsel on the 1960 Arkansas conviction, he was not represented by counsel and he did not knowingly and voluntarily waive the right to counsel. A second issue needs to be determined, that is, did the use of the prior uncounseled conviction against petitioner constitute harmless error. If an error was of constitutional dimension (and *Loper v. Beto* makes the error in this case one of constitutional dimensions), reversal was once almost automatic. While this is no longer always the case, constitutional errors

still receive different treatment from all other errors and are still far more likely to require a new trial than nonconstitutional errors. Saltzburg, *The Harm of Harmless Error,* 59 Virginia Law Review 988 (1973). In *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967), Justice Black, writing for a seven-judge majority, first considered the question whether a federal or state rule for judging the impact of error should govern constitutional violations and opted in favor of the federal rule, next determined that there could be harmless constitutional error, and third promulgated a rule of measuring the effect of error as follows:

"Before a federal constitutional error can be held harmless, the Court must be able to declare a belief that it was harmless beyond a reasonable doubt."

Under the evidence adduced in this case and where punishment of fifteen years imprisonment is assessed by the jury, this Court is unable to say that the introduction of the uncounseled 1960 Arkansas conviction at the penalty stage of the bifurcated trial was harmless error beyond a reasonable doubt. Although the error is to penalty alone, petitioner is entitled to an entirely new trial.

It is, therefore, ORDERED that:

(1) Writ of habeas corpus issue on behalf of BUFFORD LENELL McDONALD.

(2) Petitioner, BUFFORD LENELL McDONALD, be, and he is hereby, discharged from the custody of W. J. ESTELLE, JR., Director of Texas Department of Corrections, on account of his challenged conviction in Cause No. 940 in the District Court of Castro County, Texas, wherein he received sentence of fifteen years imprisonment in Texas Department of Corrections.

(3) The release of petitioner from custody be stayed for a period of ninety days from the date hereof; that if within such time the State of Texas shall make demand therefor, petitioner shall be transferred by respondent to the proper authorities of Castro County, Texas, for new trial; but if no such demand be made within ninety days from the date hereof, at the termination of such ninety-day period, respondent shall immediately discharge petitioner, BUFFORD LENELL McDONALD, from further custody on account of his present conviction.