**Bufford McDONALD,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., etc.,
Respondent-Appellee.**

No. 78–2943
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1979.

Rehearing Denied March 21, 1979.

---

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

**154**

Bufford Lenell McDonald, pro se.

Mark White, Atty. Gen., Austin, Tex., J. E. Seymour, Asst. Atty. Gen., David M. Kendall, Jr., Joe B. Dibrell, Jr., P. E. George, Asst. Attys. Gen., Houston, Tex., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Petitioner is a Texas state prisoner serving a 15 year sentence following his conviction for sodomy. In this, his second *pro se* petition filed pursuant to 28 U.S.C. § 2254, he sought post-conviction relief, alleging that he had been denied a fair trial and due process of law because:

(1) his court-appointed counsel made prejudicial remarks during the jury voir dire;

(2) his counsel failed to advise him of an offer of a plea bargain;

(3) the prosecution suppressed three prior convictions used at the penalty stage of the bifurcated trial;

(4) a prior misdemeanor conviction was introduced at the penalty stage without proof that he was the person who committed the offense; and

(5) the copy of the judgment and/or sentence reflected the improper term of court.

For reasons discussed below we affirm the district court's denial of habeas relief. A preliminary discussion of petitioner's previous habeas proceeding is necessary for an understanding of the factual background of this case.

In his first Section 2254 petition he alleged 17 grounds for relief, including the use at the penalty stage of two prior convictions when he had not been represented by counsel, as well as ineffectiveness of his appointed counsel for failure to object to their introduction. The district court, after an evidentiary hearing, granted habeas relief on the ground that the use of one of these prior convictions, a 1960 Arkansas conviction for the felony of cattle theft, without objection constituted constitutional error and was not harmless beyond a reasonable doubt in view of the maximum sentence assessed by the jury. The other claims were found to be without merit, including the claim of ineffectiveness of counsel, whose assistance the court determined, on the basis of the entire record, to have been well within the reasonably effective standard announced in *MacKenna v. Ellis*, 5 Cir. 1960, 280 F.2d 592, 599, *cert. denied*, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). The other prior conviction, for misdemeanor theft for which petitioner was fined $25, had been improperly admitted under Texas Code of Criminal Procedure Article 37.07, Sec. 3(a) because the court in which it was obtained was not a court of record,[1] the district court held that its ad-

---

1. Because it was not objected to, the Texas Court of Criminal Appeals declined to review it on appeal. *McDonald v. State*, Tex.Crim.App. 1974, 513 S.W.2d 44, 52.

mission was harmless beyond a reasonable doubt.

Respondent appealed the grant of habeas relief. We adopted the district court's opinion and affirmed its decision. *McDonald v. Estelle,* 5 Cir. 1976, 536 F.2d 667. Upon petition for certiorari, the Supreme Court vacated the judgment and remanded for further consideration in light of its intervening decision in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), under which petitioner would be precluded from obtaining federal habeas relief due to his procedural default unless he could establish cause for failing to object and show that his trial was prejudiced by the introduction of the evidence of a prior conviction in a case in which he had no counsel. *Estelle v. McDonald,* 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977).

Having already determined that the introduction of the felony conviction was prejudicial, we remanded to the district court for the limited purpose of providing petitioner with the opportunity to demonstrate adequate cause for his noncompliance with the Texas contemporaneous objection rule as discussed in *Jiminez v. Estelle,* 5 Cir. 1977, 557 F.2d 506. *McDonald v. Estelle,* 5 Cir. 1977, 564 F.2d 199.

The district court appointed counsel to represent petitioner and conducted a second evidentiary hearing, at which petitioner, his trial counsel, and the former prosecutor testified. The court, construing *Jiminez* to mean the resolution of adequate cause depended on whether incompetence of counsel was the cause for the failure to object, reaffirmed its conclusion that on the entire record, considering also the failure to object, counsel's representation had been well within the *MacKenna* standard.

 Instead of taking an appeal from the district court's decision on remand, petitioner filed this second habeas petition in which he appears to be attempting to establish his right to relief based, not directly upon the invalidity of the prior felony conviction, at which he lacked counsel and his counsel's failure at the later trial to object thereto, but upon the prosecutor's alleged misconduct in "suppressing" three convictions (one at a trial in which he had counsel) introduced at the penalty stage; he contends this took defense counsel by surprise. This apparently seeks to establish "cause" for counsel's failure to object. There is no duty, however, on the part of a prosecutor to advise defense counsel in advance of trial that he is going to offer prior convictions so that the defense may search for defects in them; and because petitioner himself must have been aware of the convictions, he can hardly claim either that they were suppressed, or that he was surprised. Thus this claim does not establish cause and presents no constitutional issue.

Seeking to avoid dismissal of his contentions as being successively presented under Rule 9(b) foll. 28 U.S.C. § 2254, he also urges that the claim of denial of a fair trial and of due process by defense counsel's prejudicial remarks during voir dire and failure to advise him of the offer of a plea bargain is not to be confused with the ineffectiveness of counsel claim previously litigated.

 A claim of ineffective assistance of counsel, once raised, litigated and rejected at an earlier habeas proceeding cannot be raised in a later proceeding merely by varying the factors allegedly demonstrating incompetency. *See Cunningham v. Estelle,* 5 Cir. 1976, 536 F.2d 82, 83, citing *Sanders v. United States,* 373 U.S. 1, 15–16, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). Moreover, by claiming denial of due process and invoking the Fourteenth rather than the Sixth Amendment, he would be entitled to relief only if he could show the errors complained of were so obvious and prejudicial as to reduce the trial to a farce and a mockery. Nothing of such constitutional magnitude appears. Counsel's remarks on voir dire could hardly be construed as leaving the jury with the impression he was trying to

convict petitioner, as the latter contends,[2] and from the affidavit of his trial counsel in the state record it appears that petitioner was in fact advised of the proffered plea bargain.

, With respect to the introduction of the prior misdemeanor conviction at the penalty stage, the only context in which petitioner raises this issue is that there was no proof he committed the misdemeanor in question, and that the prosecutor improperly suppressed it. Neither ground is a constitutional one. He was properly identified in court as the person convicted, and the claim of prosecutorial misconduct in suppressing it does not constitute "cause" for failure to object within the meaning of *Wainwright v. Sykes,* as discussed above. Moreover, the admission of this conviction has been held harmless beyond a reasonable doubt in the first habeas proceeding and the jury's imposition of the maximum term was no doubt due to a previous counseled sodomy conviction which was also introduced at the punishment phase of the trial.

Petitioner's final contention is one of mere clerical error in the judgment and commitment papers, if in fact any error occurred, and as such furnishes no basis for constitutional attack.

For these reasons, the judgment of the district court denying petitioner's Section 2254 motion is affirmed.

AFFIRMED.

---

**2.** "And these questions are important, and that's what we are trying to do, is achieve a fair trial, because if there is any basis for prejudice that would hinder your verdict from being right, then this case could be appealed; this case could possibly be reversed, and we would have to try it again, or maybe clear out."

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.