John Wesley HENSON,
Petitioner-Appellee,

v.

W. J. ESTELLE, Jr. etc.,
Respondent-Appellant.

John Wesley HENSON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr. etc.,
Respondent-Appellee.

Nos. 79–3220, 80–1493.

United States Court of Appeals,
Fifth Circuit.

Unit A

March 30, 1981.

Rehearing and Rehearing En Banc
Denied April 29, 1981.

Allan Van Fleet, Houston, Tex., for Henson.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for Estelle.

Before BROWN, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

These cases were orally argued in New Orleans on December 10, 1980. We decide them in a consolidated opinion. What we have here is another example of efforts, long after the event, to undo a state criminal conviction—one in 1948, the other in 1960.

### Facts Relevant to Both Cases

John Wesley Henson, the habeas corpus applicant, is serving concurrent sentences in the Texas Department of Corrections for burglary and for assault with intent to commit rape.

In 1948, Henson was convicted of burglary, the penalty being enhanced by two prior felony convictions. He was sentenced on June 24, 1948 to life imprisonment and the Texas Court of Criminal Appeals summarily affirmed.

In 1959, Henson was granted parole from that sentence but that parole was revoked the very next year when he was charged with the crime of rape. He entered a plea of guilty to assault with intent to rape and was sentenced to ninety nine years in prison.

In these cases, Henson seeks the invalidation of both the 1948 and the 1960 convictions. The District Court (different Judges presiding) declined to invalidate the 1960 conviction but did set aside the 1948 conviction. We affirm as to 1960 and vacate and remand as to 1948.

### No. 80–1493, The 1960 Conviction

■ Eighteen years after the event Henson complains that his 1960 guilty plea was involuntary and coerced, entered as result of ineffective assistance of counsel, and was a product of false inducements to plead guilty. He further says that he was not properly advised of the nature and consequences of his plea of guilty and that because of misinformation by counsel he was denied a direct appeal from the guilty plea.[1] Relying on Rule 9(a) of the Rules governing 28 U.S.C., Section 2254, habeas corpus cases, the District Court dismissed Henson's attack on the 1960 conviction.

Upon revocation of his parole and return to prison, Henson filed two state habeas corpus petitions in 1960 and in 1961, attacking the 1948 conviction. These were dismissed without a hearing.

In 1966, he presented the Texas Court of Criminal Appeals with a third habeas petition, aimed at both convictions. This petition was denied without a hearing on August 12, 1966.

Nothing daunted, Henson filed a petition in the United States District Court in 1967, which met with dismissal for failure to exhaust state remedies.

In 1978, Henson filed and lost in the State District Court another attack on his 1948 and 1960 convictions. This complaint was dismissed without a hearing and gave birth to the litigation which is now here for disposition.

■ Delay *alone* is not a bar to federal habeas corpus relief if needed to correct jurisdictional or constitutional errors in state court convictions, *Baxter v. Estelle,* 614 F.2d 1030, 1034 (5 Cir., 1980); *Hamilton v. Watkins,* 436 F.2d 1323, 1326 (5 Cir., 1970).

Nevertheless, Rule 9(a) provides:

A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of

---

1. In the District Court, Henson also alleged that the indictment against him was defective. He had not exhausted his state remedies on that subject if, indeed, he could have had any. Ordinarily, we would remand the entire case on account of the injection of this unexhausted claim. In the interest of judicial economy, we do not do it in this instance because this claim is manifestly frivolous. The defendant was indicted for rape. He was allowed to plead guilty to a lesser offense, assault with intent to rape. See *Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973).

which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Rule 9 is of comparatively recent origin. It became effective September 28, 1976. The legislation was triggered by a rule submitted to Congress by the Supreme Court which would have carried a rebuttable presumption that delay in a petition filed more than five years after conviction had prejudiced the state. The House Judiciary Committee saw fit to eliminate this provision and the rule was enacted as above quoted, U.S. Congressional and Administrative News, Volume 3, page 2478 (1976).

■ As enacted by Congress, Rule 9(a) is plainly written and easily understood. Of particular significance to Henson's 1960 conviction is the language: "grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred". In 1960, Henson was no stranger to the courthouses and what happens therein with reference to criminal prosecutions. He certainly knew what had happened in connection with his guilty plea. His 1966 and 1967 applications for habeas corpus relief contained none of the allegations which were raised for the first time in 1978.

By 1978 the Judge who accepted Henson's guilty plea was dead. Since Henson pleaded guilty the only extant documentary record of the case is the indictment itself—and Henson pleaded to a lesser included offense. Obviously, defense counsel had succeeded in blunting the point of the original indictment and Henson knew it and received the benefit of it.

This is a classical case for the invocation of Rule 9(a) and the District Court was eminently correct in so holding.

The judgment of the District Court in No. 80–1493 is AFFIRMED.

*No. 79–3220—The 1948 Conviction*

■ On examination of the record in this case it is quickly ascertained from the written recommendation of the magistrate, adopted by the District Court, that these recommendations are based on nothing more than a *series* of assumptions, reached without an evidentiary hearing and without any support in the evidence. State court convictions regular in form and valid on their face may not be so lightly set aside. The burden on the state habeas applicant is that his factual applications shall have appropriate evidentiary support. Convicts in state prisons, incarcerated under a state court conviction, valid on its face, may not be set free on assumptions.

As we evaluate this record, the very factors which rendered the state unable to meet the applicant's allegations, i. e., the long delay since 1948, were used as the basis for the assumptions. There has been no evidentiary hearing.

Consequently, we vacate the judgment of the District Court and remand for an evidentiary hearing. If the appellant is unable to prove his claims by evidence in support of the assumptions his petition must be dismissed. This is without prejudice to the right of the state to reassert any Rule 9 defense which such a hearing may establish.

REVERSED and REMANDED.