IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. WR-25,873-09






EX PARTE CALVIN DWAYNE VERNON, Applicant








ON APPLICATION FOR WRIT OF HABEAS CORPUS 

CAUSE NO. 90-40-C IN THE 54TH DISTRICT COURT

 FROM McLENNAN COUNTY 





O R D E R

 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
attempted murder and was sentenced to confinement for thirty (30) years.

 In his present application, Applicant raises one ground for relief which challenges the
merits of his conviction. This application, however, presents a more serious question. This
Court's records reflect that Applicant has filed eight prior applications challenging the merits
of his conviction. Five of the applications were dismissed pursuant to Article 11.07, Section
4, of the Texas Code of Criminal Procedure.

 It is obvious from the record that Applicant is continuing to raise issues which have
been presented and rejected in his previous applications or that should have been presented
in his previous applications. The writ of habeas corpus is too serious and important a matter
to be lightly and easily abused. Ex parte Carr, 511 S.W.2d 523 (Tex. Crim. App. 1977);
Sanders v. U.S. 373 U.S. 1 (1963); see also Smith v. Estelle, 562 F.2d 1006 (5th Cir. 1977);
McDonald v. Estelle, 590 F.2d 153 (5th Cir. 1979); Potts v. Zant, 638 F.2d 727 (5th Cir.
1981); Hansen v. Estelle, 641 F.2d 250 (5th Cir. 1981) (delayed applications). 

 After a review of the record, we hold that Applicant's claims are barred from review
under Article 11.07, Section 4, and are waived and abandoned by his abuse of the writ.

 Therefore, the Honorable Louise Pearson, Clerk of the Court of Criminal Appeals, is
instructed not to accept or file the instant application for a writ of habeas corpus. She is also
instructed not to accept any future applications for a writ of habeas corpus attacking this
conviction unless Applicant has first shown that any contentions presented have not been
raised previously and a showing is made that they could not have been presented in any
earlier application for habeas corpus relief. Ex parte Dora, 548 S.W.2d 392 (Tex. Crim.
App. 1977); (1)
 Ex parte Bilton, 602 S.W.2d 534 (Tex. Crim. App. 1980).


IT IS SO ORDERED this the 8TH day of FEBRUARY, 2006.


DO NOT PUBLISH

 

1. In Ex parte Dora, this Court explained the duty of the trial court after the entry of an
abuse order as follows:


Where a petitioner has been previously cited for an 'abuse of the Great Writ', the
trial court should not thereafter consider the merits of any application for writ of
habeas corpus filed by that petitioner. The trial court should, however, review the
application and make findings that this petitioner has abused the writ in the past, 
thus making the review procedure of this court more efficient. The transcript
should be forwarded to this Court, just as in all other cases, pursuant to our
automatic review jurisdiction. See Art. 11.07, §2(a), supra. The writ transcript
should, of course, be forwarded to this court within fifteen days of the trial court's
order. See Art. 11.07, §2(c), supra.