IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 38,823-14






EX PARTE JAMES EUGENE GOEN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM CAUSE NO. 25,314-A

IN THE 188TH DISTRICT COURT OF GREGG COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of forgery, and punishment was assessed at eighteen years' confinement. 
Applicant did not pursue an appeal.

 In the present application, Applicant challenges the admissibility of the documents
presented by the State to prove the enhancement paragraph of the indictment. Specifically,
Applicant contends that: (1) during the punishment phase of trial, the copies of the judgment
and sentence contained in the pen packet did not reflect that the originals forwarded to the
Texas Department of Criminal Justice - Correction Institutions Divisions bore original
attestation of the convicting court; (2) the authenticated copy of the judgment and sentence
were not "certified copies"; (3) Exhibit #8 was not properly identified on its face as a correct
copy of the original judgment revoking probation on file with the clerk's office; and (4) the
attestation of a district clerk is not sufficient to render documents admissible.

 This application, however, presents a more serious question. This Court's records
reflect that the Applicant has filed eight previous writs challenging this conviction.

 It is obvious from the record that the Applicant is continuing to raise issues which
have been presented and rejected, or should have been presented, in his previous application. 
See Tex. Code Crim. Proc. art. 11.07, § 4(a)(1). The writ of habeas corpus is too serious
and important a matter to be lightly and easily abused. See Ex parte Carr, 511 S.W.2d 523
(Tex. Crim. App. 1977); Sanders v. United States, 373 U.S. 1 (1963). See also, Smith v.
Estelle, 562 F.2d 1006 (5th Cir. 1977); McDonald v. Estelle, 590 F.2d 153 (5th Cir. 1979);
Potts v. Zant, 638 F.2d 727 (5th Cir. 1981); Hansen v. Estelle, 641 F.2d 250 (5th Cir
1981)(delayed applications).

 We hold that the Applicant's contention is not only without merit, but has been
waived and abandoned by his abuse of the writ of habeas corpus.

 Therefore, the Honorable Louise Pearson, Clerk of the Court of Criminal Appeals, is
instructed not to accept or file the instant application for a writ of habeas corpus. She is also
instructed not to accept in the future any applications for a writ of habeas corpus attacking
this conviction, or any prior conviction used to enhance it, unless the Applicant has first
shown that any contentions presented have not been raised previously and a showing is made
that they could not have been presented in any earlier application for habeas corpus relief. 
Ex parte Dora (1)
, 548 S.W.2d 392 (Tex. Crim. App. 1977); Ex parte Bilton, 602 S.W.2d 534
(Tex. Crim. App. 1980).

 IT IS SO ORDERED THIS THE 20th DAY OF SEPTEMBER, 2006.

EN BANC

DO NOT PUBLISH 

 
1. In Ex parte Dora, this Court explained the duty of the trial court after the entry of an
abuse order as follows:


 Where a petitioner has been previously cited for an 'abuse of the Great Writ'' the
trial court should not thereafter consider the merits of any application for writ of
habeas corpus filed by the petitioner. The trial court should, however, review the
application and make findings that this petitioner has abused the writ in the past, and
thus making the review procedure of this court more efficient. The transcript should
be forwarded to this Court, just as in all other cases, pursuant to our automatic review
jurisdiction. See Art 11.07,§2(a), supra. The writ transcript should, of course be
forwarded to this court within fifteen days of the trial court's order. See Art 11.07,
§2(c)), supra.