Eli J. GUILLORY, Petitioner-Appellant,

v.

Ross MAGGIO, Jr., Warden, Louisiana
State Penitentiary,
Respondent-Appellee.

No. 82–3111
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 1, 1982.

Eli J. Guillory, pro se.

William J. Guste, Jr., Atty. Gen., Cline, Miller, Richard & Miller, Jack Derrick Miller, Crowley, La., J. Marvin Montgomery, Asst. Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before CLARK, Chief Judge, POLITZ and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellant Guillory was convicted of the second degree murder of Harriet St. Andre and sentenced to life imprisonment. Guillory and his half-brother raped St. Andre and then shot her several times. Guillory was tried separately, and his conviction was affirmed on appeal. *State v. Guillory,* 373 So.2d 133 (La.1979).

In his habeas corpus petition in district court, Guillory raised five issues, four pertaining to evidentiary rulings and the fifth to the voluntariness of his confession. The district court denied relief without a hearing, holding that the evidentiary rulings did not implicate fundamental fairness and that the state hearing on voluntariness supported its determination that the confession was voluntary. This court granted a certificate for probable cause. On appeal, Guillory raises only one issue, the exclusion of an exculpatory statement he gave to the police two days prior to his confession. The other issues may be deemed abandoned. *See Williford v. Estelle,* 672 F.2d 552, 553 (5th Cir. 1982).

St. Andre was murdered and left by the side of the road on the night of May 25. Several hours later, police officers at the scene stopped Michael Brown, Guillory's half-brother, as he drove past the place where the body had been found. Brown was drunk. From his car, police recovered the gun which killed St. Andre and also bits of foam which matched a piece of foam found in St. Andre's pubic hair. The car Brown was driving belonged to Guillory.

On May 26, Guillory gave an exculpatory statement to Detective Goss. The statement, although not in the record, was described by Justice Tate as "... one of May 26, 1977 denying any implication in the offense and explaining his (innocent) connection with the gun used in the crime." *State v. Guillory*, 373 So.2d 133, 136 (La. 1979). Goss then referred Guillory to Detective Robbins for the administration of a voice analyzer test, which he described to Guillory as a type of lie detector test. The results of the test were not given to Guillory. On May 28, Guillory waived his right to remain silent and confessed to the rape and murder of St. Andre. The state introduced this confession into evidence. Guillory now argues that the May 26 statement also should have been introduced as a factor bearing on the voluntariness of the confession.

It is not precisely clear from the record whether Guillory's attorney actually sought to introduce this statement before the jury. In a hearing out of the jury's presence, the judge ruled that the statement could not be introduced through Detective Goss because it was hearsay and self-serving. In the jury's presence, defense counsel attempted to elicit from Detective Robbins that Guillory had signed a waiver of rights on some prior date. An unrecorded bench conference followed, and the question of the May 26 statement was not again broached.

The Louisiana Supreme Court upheld the exclusion of the May 26 statement because it was hearsay and self-serving. Then Justice Tate dissented, arguing that the exclusion of the statement restricted Guillory's ability to show the surrounding circumstances of his May 28 confession. Justice Tate termed the ruling "fundamentally unfair, as well as legally incorrect." *Guillory*, 373 So.2d at 137 (Tate, J., dissenting).

Guillory relies on the principle that a confession must be introduced in its totality so that a defendant may benefit from any exculpatory material it contains. *See* La. Rev.Stat.Ann. 15:450 (West). According to the state ruling, the rule announced by that statute applies only to declarations made at one time or those having some connection with one another. *Guillory* at 135 (citing *State v. Cardinale*, 251 La. 827, 206 So.2d 510 (1968)). The state court found no connection between the excluded statement and the confession, noting that they were not made at the same time and their content was entirely different. *Guillory*, 373 So.2d at 135. Generally such a statement, "unless part of the res gestae or of a confession offered by the prosecutor, is not admissible for the defense." 2 Wharton, Criminal Evidence § 303 (13th ed. 1972). Nor have we found case law extending the Louisiana connection rule to a period of two days. Indeed, the argument here is essentially an adoption of the dissenting view of Justice Tate. His dissent argued that

> [t]he jury should have had the opportunity to evaluate the voluntariness and truthfulness of the *last* of a series of confessions ..., in light of the discrepancies between it and *earlier* confessions obtained during the continuous course of interrogation of the accused,

373 So.2d at 136–37, but it offered no support for the argument that this was a prior inconsistent confession relevant to voluntariness nor for the application of the phrase "continuous course of interrogation" to these facts. More to the point, his view of the Louisiana law of evidence did not prevail.

Guillory's May 26 statement was excludable under general evidentiary principles as applied by the Louisiana Supreme Court, and we do not find that its exclusion by the trial court resulted in a fundamentally unfair trial. Evidentiary rulings by a state court, even if erroneous, become matters for habeas corpus review only when they implicate fundamental fairness. *See Passman v. Blackburn*, 652 F.2d 559, 568 (5th Cir. 1981), *cert. denied*, 455 U.S. 1022, 102 S.Ct. 1722, 72 L.Ed.2d 141 (1982). The district court's ruling that this issue did not merit habeas corpus consideration was correct.

AFFIRMED.